IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANDREW DAVID JARAMILLO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br>Civil Case No. 1:16-CV-87 TS<br>Criminal Case No. 1:05-CR-136 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner Andrew David Jaramillo's Motion to Correct Sentence Under 28 U.S.C. § 2255. For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

On November 2, 2015, Petitioner was charged with possession of a firearm and ammunition by a convicted felon and possession of a controlled substance. On November 23, 2005, the government filed a Notice of Sentencing Enhancement, which stated that Petitioner was eligible for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). The Notice relied on prior convictions for possession with intent to distribute a controlled substance, aggravated assault, and burglary.

Petitioner pleaded guilty to possession of a firearm and ammunition by a convicted felon on May 24, 2007. The Presentence Report classified Petitioner as an armed career offender, resulting in a base offense level of 33. This was based on a 1999 offense related to controlled substances, a 1999 aggravated assault, a 2000 aggravated assault, and a 2000 burglary. With a

total offense level of 30 and a criminal history category of VI, Petitioner had a guideline range of 168 to 210 months.  However, because Petitioner was determined to have sufficient predicate convictions under the ACCA, the minimum mandatory sentence was 180 months.  The Court imposed a sentence of 180 months.  Petitioner did not file a direct appeal and has filed no previous § 2255 motions.

Petitioner filed the instant Motion on June 27, 2016.  Petitioner argues that his sentence is unconstitutional in light of *Johnson v. United States*.[1]  Petitioner contends that his prior convictions can no longer be considered crimes of violence.  The government argues that various procedural defects preclude relief.  The government further argues that Petitioner's convictions for aggravated assault remain crimes of violence even under *Johnson*.

## II.  DISCUSSION

The Supreme Court in *Johnson* considered the validity of the ACCA.  The ACCA, 18 U.S.C. § 924(e), provides for increased penalties for a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense.  The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[2]

---

[1] ---U.S.---, 135 S. Ct. 2551 (2015).

[2] 18 U.S.C. § 924(e)(2)(B).

The first part of the definition—"has as an element the use, attempted use, or threatened use of physical force against the person of another"—is known as the force clause.  The second portion—"burglary, arson, extortion, or crimes involving the use of explosives"—is the enumerated offenses provision.  The last clause—"crimes that otherwise involve conduct that presents a serious potential risk of physical injury to another"—is called the residual clause.  In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague.[3] However, the Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[4]

The Supreme Court in *Welch v. United States*,[5] held that *Johnson*'s constitutional holding applied retroactively to cases on collateral review.[6]  With this background in mind, the Court turns to the parties' arguments.

A.    COLLATERAL APPEAL WAIVER

The government first argues that Petitioner's Motion should be denied because his plea agreement contained a waiver of his right to bring a § 2255 motion.

In his plea agreement, Petitioner "knowingly, voluntarily and expressly waive[d] [his] right to challenge [his] sentence, and the manner in which the sentence is determined, in any

---

[3] *Johnson*, 135 S. Ct. at 2563.

[4] *Id.*

[5] ---U.S.---, 136 S. Ct. 1257 (2016).

[6] *Id.* at 1265.

collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[7]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[8]  However, "the constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights."[9]

The Tenth Circuit has established a three-part test based upon contract principles to determine the enforceability of appeal waivers.[10]  The Court is to consider "'(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.'"[11]  Petitioner argues that his waiver was not entered knowingly and would result in a miscarriage of justice.  The Court agrees that enforcing the waiver here would result in a miscarriage of justice.

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver

---

[7] Case No. 1:05-CR-136 TS, Docket No. 65 ¶ 10.

[8] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[9] *Id.*

[10] *United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[11] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[12]

Enforcement of a waiver can result in a miscarriage of justice if the sentence exceeds the statutory maximum sentence.  As set forth above, Petitioner received a sentence of 15 years based on the finding that he qualified for an enhancement under the ACCA.  Petitioner correctly argues that, if he does not so qualify, then his sentence exceeds the statutory maximum of 10 years normally applicable to § 922(g) offenses.  This argument necessarily collapses into Petitioner's argument on the merits.  As discussed below, the Court agrees with Petitioner's claims and, therefore, concludes that enforcing the waiver would result in a miscarriage of justice.

Enforcement of a waiver can also result in a miscarriage of justice if the waiver is otherwise unlawful.  The Tenth Circuit adopted the test employed in *United States v. Olano*[13] to determine whether a waiver is otherwise unlawful.  In *Olano*, the Supreme Court set out the proper test to be applied on plain error review.  Under that test, the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings.[14]

The Tenth Circuit addressed plain error in *United States v. Madrid*,[15] where it held that *Johnson* invalidated the residual clause of United States Sentencing Guideline ("USSG") § 4B1.2.  In that case, the defendant argued that his prior conviction for statutory rape was not a crime of violence under the Guidelines in light of *Johnson*.  Since the defendant had not made the argument below, it was reviewed for plain error.  "Plain error occurs 'when there is (1) error,

---

[12] *Id.* at 1143.

[13] 507 U.S. 725 (1993).

[14] *Id.* at 732.

[15] 805 F.3d 1204 (10th Cir. 2015).

(2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"[16]  The Tenth Circuit concluded that a *Johnson*-based guidelines error met all these factors.  On the final factor, the court stated:

> We have recognized that when the correct application of the sentencing laws would likely significantly reduce the length of the sentence, circuit courts have almost uniformly held the error to implicate fundamental fairness issues.  Madrid received an enhanced sentence under an unconstitutional sentencing Guideline, undermining the fundamental fairness of his sentencing proceedings.[17]

Based on this reasoning in *Madrid*, the Court concludes that enforcing the waiver in Petitioner's plea agreement would result in a miscarriage of justice.  The incorrect statutory determination in this case, like the incorrect Guideline determination in *Madrid*, implicates issues of fundamental fairness and undermines the integrity of Petitioner's sentencing proceedings.  If reliance on the residual clause of the Guidelines undermines the fairness of the sentencing proceedings, it stands to reason that reliance on the residual clause of the ACCA does as well.  After all, the incorrect application of the ACCA resulted in a dramatic increase in the sentence Petitioner received.  Therefore, the collateral appeal waiver does not bar relief and Petitioner will be permitted to pursue this Motion.[18]

B.    APPLICATION OF *JOHNSON* TO THE GUIDELINES

Next, the government argues that Petitioner has failed to establish that his case falls within *Johnson* and that he has failed to establish that *Johnson* applies retroactively on collateral review to challenges to the Guidelines.

---

[16] *Id.* at 1211 (quoting *United States v. Frost*, 684 F.3d 963, 971 (10th Cir. 2012)).

[17] *Id.* at 1212 (citations and quotation marks omitted).

[18] At least one District Court within this Circuit has reached the same conclusion.  *See United States v. Daugherty*, Case No. 07-CR-87-TCK, 2016 WL 4442801, at *6–7 (N.D. Okla. Aug. 22, 2016).

The government first argues that Petitioner has failed to show that the Court relied on the residual clause in imposing his sentence.  Instead, the government argues that the Court could have relied on the enumerated offense clause or the force clause.  As will be discussed below, Petitioner's convictions do not fall under either the enumerated offense clause of the force clause and, thus, must fall within the residual clause.  Therefore, the Court concludes that Petitioner has adequately demonstrated that the Court relied on the now-invalidated residual clause.

The government next argues that Petitioner has failed to establish that *Johnson* applies to the Guidelines.  However, Petitioner's challenge is not based on the Guidelines.  This case is based on the ACCA.  *Johnson* applies directly to this case and *Johnson* was made retroactive to cases on collateral appeal by *Welch*.  Thus, the government's arguments concerning *Johnson*'s retroactive application to the Guidelines misses the point.  Further, even if Petitioner's Motion did depend on the Guidelines, the Court would reject the government's arguments for the reasons previously stated in other cases.[19]

## C.   PROCEDURAL DEFAULT

The government next argues that Petitioner procedurally defaulted on his claim by failing to challenge his predicate convictions at sentencing or on direct appeal.

"When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default

---

[19] *Culp v. United States*, Case No. 2:16-CV-672 TS, 2016 WL 5400395 (D. Utah Sept. 27, 2016); *see also Andrews v. United States*, Case No. 2:16-CV-501 DB, 2016 WL 4734593 (D. Utah Sept. 9, 2016).

and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."[20]  Petitioner has shown both cause and prejudice.

The Supreme Court has held that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim."[21]  This standard is satisfied when a decision of the Supreme Court (1) explicitly overrules one of its prior precedents, (2) overturns a longstanding and widespread practice to which a near unanimous body of lower-court authority has adhered, or (3) disapproves a practice that the Supreme Court had arguably sanctioned in the past.[22]

> By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a . . . court to adopt the position that this Court has ultimately adopted.  Consequently, the failure of a defendant's attorney to have pressed such a claim before a . . . court is sufficiently excusable to satisfy the cause requirement.[23]

Under this standard, the Court finds that Petitioner has adequately demonstrated cause excusing his failure to raise his objection in this Court and on direct appeal.  The Supreme Court in *Johnson* expressly overruled its prior precedent in *James v. United States*[24] and *Sykes v. United States*,[25] where "the Court rejected suggestions by dissenting Justices that the residual clause violates the Constitution's prohibition of vague criminal laws."[26]  Further, prior to

---

[20] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

[21] *Reed v. Ross*, 468 U.S. 1, 16 (1984).

[22] *Id.* at 17.

[23] *Id.*

[24] 550 U.S. 192 (2007).

[25] 546 U.S. 1 (2011).

[26] *Johnson*, 135 S. Ct. at 2556.

*Johnson*, circuit courts routinely rejected vagueness challenges to the ACCA.[27]  Finally, the Supreme Court expressly disapproved a practice—reliance on the residual clause—that it had sanctioned in the past.  Therefore, Petitioner has established cause for his failure to challenge the enhancement.

To demonstrate prejudice, Petitioner must show that the alleged error "worked to his actual and substantial disadvantage."[28]  Without the application of the ACCA, Petitioner faced a maximum possible penalty of 10 years.  With it, he received a sentence of 15 years.  This is sufficient to demonstrate prejudice.  Thus, Petitioner has demonstrated cause and prejudice to excuse his procedural default.

D.     AGGRAVATED ASSAULT

With the procedural issues resolved, the Court turns to the merits.  The government argues that Petitioner remains eligible for an enhancement under the ACCA because his prior convictions for aggravated assault are crimes of violence under the enumerated offense clause or the force clause.  The Court disagrees.

The enumerated offense clause is not applicable because aggravated assault is not burglary, arson, extortion, or a crime involving the use of explosives.  The government's reliance on the definition of "crime of violence" under USSG § 4B1.2 Application Note 1 is misplaced.

---

[27] *See United States v. Orona*, 724 F.3d 1297, 1310–11 (10th Cir. 2013); *United States v. Spencer*, 724 F.3d 1133, 1145–46 (9th Cir. 2013); *United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013); *United States v. Taylor*, 696 F.3d 628, 633 (6th Cir. 2012); *United States v. Jones*, 689 F.3d 696, 704–05 (7th Cir. 2012); *Harrington v. United States*, 689 F.3d 124, 137 n.9 (2d Cir. 2012); *United States v. Hart*, 674 F.3d 33, 41 n.3 (1st Cir. 2012); *United States v. Hudson*, 673 F.3d 263, 268–69 (4th Cir. 2012); *United States v. Gibbs*, 656 F.3d 180, 188 (3d Cir. 2011); *United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011); *United States v. Childs*, 403 F.3d 970, 972 (8th Cir. 2005).

[28] *United States v. Frady*, 456 U.S. 152, 170 (1982).

While that Guideline provision includes aggravated assault as an enumerated offense, the ACCA

does not.  Further, the Guidelines make clear that the definition of "violent felony" under 18

U.S.C. § 924(e)(2) is not identical to the definition of "crime of violence" under 4B1.2.[29]  Thus,

Petitioner's aggravated assault convictions do not fall under the enumerated offense clause and

the Court must consider whether they fall under the force clause.

> Under Utah law in 1999 and 2000,
>
> A person commits aggravated assault if he commits assault as defined in Section
> 76-5-102 and he:
> (a) intentionally causes serious bodily injury to another; or
> (b) under circumstances not amounting to a violation of Subsection (1)(a), uses a
> dangerous weapon as defined in Section 76-1-601 or other means or force likely
> to produce death or serious bodily injury.[30]
>
> Assault was defined as:
>
> (a) an attempt, with unlawful force or violence, to do bodily injury to another;
> (b) a threat, accompanied by a show of immediate force or violence, to do bodily
> injury to another; or
> (c) an act, committed with unlawful force or violence, that causes bodily injury to
> another or creates a substantial risk of bodily injury to another.[31]

In determining whether a prior conviction qualifies as a violent felony under the ACCA,

courts apply one of two approaches: the categorical approach or the modified categorical

approach.  Where a statute is "divisible," that is, when it "lists multiple, alternative elements, and

so effectively creates several different crimes," courts use a modified categorical approach to

"identify the crime of conviction in the case at hand."[32]  To do so, the Court looks to a limited

---

[29] USSG § 4B1.4, Application Note 1.

[30] Utah Code Ann. § 76-5-103.

[31] *Id.* § 76-5-102(1).

[32] *Madrid*, 805 F.3d at 1207 (quotation marks omitted).

class of documents to determine which alternative formed the basis of a defendant's conviction.[33]  "We then compare those elements to the crime of violence categories, still 'focus[ing] only on the elements, rather than the facts, of a crime to determine whether it is categorically a crime of violence under all circumstances.'"[34]

Petitioner argues that his prior convictions are not violent felonies because: (1) the aggravated assault statute can be committed recklessly, (2) it can be committed by "other means" that do not require the use of force, (3) it can be committed without the use of physical force against the person of another, and (4) the aggravated assault statute is overbroad in that it focuses on the intent to cause bodily injury.  The Court agrees with Petitioner's first point.  Therefore, there is no need to discuss his remaining arguments.

Utah's aggravated assault statute contains no *mens rea* requirement.  Under Utah law, "when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge, or recklessness shall suffice to establish criminal responsibility."[35]  Utah case law confirms that a finding of recklessness is sufficient to establish a conviction for aggravated assault.[36]

---

[33] *Descamps v. United States*, ---U.S.---, 133 S. Ct. 2276, 2281 (2013).  Permissible documents include "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms."  *Curtis Darnell Johnson v. United States*, 559 U.S. 133, 144 (2010).

[34] *United States v. Mitchell*, ---F. App'x---, 2016 WL 3569764, at *3 (10th Cir. June 29, 2016) (quoting *Madrid*, 805 F.3d at 1207) (alteration in original).

[35] Utah Code Ann. § 76-2-102.

[36] *State v. Loeffel*, 300 P.3d 336, 339 (Utah Ct. App. 2013); *State v. McElhaney*, 579 P.2d 328, 328–29 (Utah 1978).

The Supreme Court in *Leocal v. Ashcroft*,[37] considered the mental state required for a conviction to be considered a crime of violence under 18 U.S.C. § 16.  Section 16(a), like the ACCA's force clause, defines crimes of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[38] The Court concluded that § 16(a) "most naturally suggests a higher degree of intent than negligent or merely accidental conduct."[39]  However, the Court did not decide "whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16."[40]

The Tenth Circuit in *United States v. Zuniga-Soto*,[41] was asked to consider whether a *mens rea* of recklessness could satisfy the physical force requirement under USSG § 2L1.2. USSG § 2L1.2 defines "crime of violence" as including "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."[42]  After reviewing *Leocal*, its own cases, and cases from other circuits, the Tenth Circuit concluded that "recklessness falls into the category of accidental conduct that the *Leocal* Court described as failing to satisfy the use of physical force

---

[37] 543 U.S. 1 (2004).

[38] 18 U.S.C. § 16(b)'s definition of crime of violence includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The Tenth Circuit recently concluded that § 16(b) was unconstitutional under *Johnson*.  *See Golicov v. Lynch*, ---F.3d---, 2016 WL 4988012, at *5 (10th Cir. Sept. 19, 2016).

[39] *Leocal*, 543 U.S. at 9.

[40] *Id.* at 13.

[41] 527 F.3d 1110 (10th Cir. 2008).

[42] *Id.* at 1115.

requirement."[43]  Thus, the Court held "that a *mens rea* of recklessness does not satisfy use of physical force requirement under § 2L1.2's definition of 'crime of violence.'"[44]  The Tenth Circuit extended the holding in *Zuniga-Soto* to USSG § 4B1.2(a) in *United States v. Armijo*.[45] The Tenth Circuit has consistently recognized the similarities in language between the Guidelines and the ACCA and has looked to precedent under one provision for guidance under another.[46]  Thus, it follows that reckless conduct does not satisfy the ACCA in the Tenth Circuit.

The government argues that the Supreme Court's recent decision in *Voisine v. United States*[47] abrogated the Tenth Circuit's holdings in *Zuniga-Soto* and *Armijo*.  In *Voisine*, the Court considered whether convictions for reckless conduct qualify as misdemeanor crimes of violence.[48]  The definition of a misdemeanor crime of violence includes offenses that have "as an element, the use or attempted use of physical force."[49]  The Court concluded that recklessness was sufficient to constitute a "use" of force under that statute.  "A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally."[50]

The Court noted that "*Leocal*'s exclusion of accidental conduct from a definition hinging on the 'use' of force is in no way inconsistent with our inclusion of reckless conduct in a

---

[43] *Id.* at 1124.

[44] *Id.*

[45] 651 F.3d 1226, 1237 (10th Cir. 2011).

[46] *United States v. Hernandez*, 568 F.3d 827, 830 & n.3 (10th Cir. 2009).

[47] ---U.S.---, 136 S. Ct. 2272 (2016).

[48] *Id.* at 2276.

[49] 18 U.S.C. § 921(a)(33)(A).

[50] *Voisine*, 136 S. Ct. at 2280.

similarly worded provision."[51]  The Court did "not resolve whether § 16 includes reckless

behavior.  Courts have sometimes given those two statutory definitions [§ 16 and § 921(a)(33)]

divergent readings in light of differences in their contexts and purposes, and we do not foreclose

that possibility with respect to their required mental states."[52]  Indeed, in *United States v.*

*Castleman*,[53] the Court provided good reasons why courts might employ differing interpretations

to the ACCA and the similarly worded language in 18 U.S.C. § 921(a)(33)(A).[54] The Supreme

Court has "hesitated . . . to apply the Armed Career Criminal Act to 'crimes which, though

dangerous, are not typically committed by those whom one normally labels armed career

criminals.'"[55]

      Courts are divided on *Voisine*'s application to the ACCA and similarly phrased Guideline

provisions.  The Fifth and Eighth Circuits have held that reckless conduct is sufficient to

constitute use of force under the ACCA and USSG § 4B1.2 in light of *Voisine*.[56]  But at least two

district courts have reached the opposite conclusion.

---

[51] *Id.* at 2280 n.4.

[52] *Id.*

[53] ---U.S.---, 134 S. Ct. 1405 (2014).

[54] *Id.* at 1412–13.

[55] *Id.* at 1412 (quoting *Begay v. United States*, 553 U.S. 137, 146 (2008)).

[56] *United States v. Howell*, ---F.3d---, 2016 WL 5314661, at *9 (5th Cir. Sept. 22, 2016)
("We therefore conclude that the mental state of recklessness may qualify as an offense that 'has
as an element the use, attempted use, or threatened use of physical force against the person of
another' within the meaning of § 4B1.2(a)(1) of the Guidelines."); *United States v. Fogg*, ---
F.3d---, 2016 WL 4698954, at *3 (8th Cir. Sept. 8, 2016) ("Reckless conduct thus constitutes a
'use' of force under the ACCA because the force clauses in 18 U.S.C. § 921(a)(33)(A)(ii) and
the ACCA both define qualifying predicate offenses as those involving the 'use . . . of physical
force' against another.").

In *Bennett v. United States*,[57] the District Court for the District of Maine found that "it is far from clear that *Voisine*'s inclusion of recklessness within the misdemeanor convictions covered by 18 U.S.C. §§ 922(g)(9) & 921(a)(33)(A) portends a similar interpretation of ACCA's force clause."[58]  The court noted that the Supreme Court had applied different meanings to the "force" requirement in the ACCA and § 921(a)(33)(A), even though they are identical.  As set forth above, the Supreme Court in *Castleman* provided reasons why that same clause should be interpreted differently under the two statutes.  "Those reasons could equally support differing interpretations of the word 'use' in these same statutes."[59]  Because of this, the court concluded that "the common-law interpretation of 'use' announced in *Voisine* cannot be read to override the already-cited precedents holding that recklessness is an insufficient *mens rea* for purposes of ACCA."[60]  The District Court for the Northern District of Texas reached the same conclusion in *United States v. Fennell*.[61]

The Tenth Circuit has not addressed *Voisine*.  However, in an unpublished decision issued two days after *Voisine*, the Tenth Circuit reiterated in dicta its prior holding in *Armijo* that an offense that may be committed with a reckless *mens rea* does not constitute a crime of violence under USSG § 4B1.2.[62]

---

[57]Case No. 1:16-CV-251-GZS, 2016 WL 3676145 (D. Me. July 6, 2016).

[58] *Id.* at *3.

[59] *Id.*

[60] *Id.* at *4.

[61] Case No. 3:15-CR-443-L, 2016 WL 4702557, at *2–4 (N.D. Tex. Sept. 2016).  The decision in *Fennell* was issued prior to the Fifth Circuit's decision in *Howell*.

[62] *Mitchell*, 2016 WL 3569764, at *5 n.5.

The Court admits that it is now unclear whether reckless conduct is sufficient to constitute use of physical force under the ACCA.  The Tenth Circuit has unequivocally held that it is not.  However, those decisions are called into question by *Voisine* and the decisions from the Fifth and Eight Circuits.  That being said, *Voisine* did not explicitly overrule this line of cases.  Further, the Court in *Voisine* specifically limited its discussion to § 921(a)(33)(A) and left open the possibility that similarly worded statutes may require different mental states "in light of differences in their contexts and purposes."[63]  Indeed, the Supreme Court has interpreted similar phrases in the ACCA and §921(a)(33)(A) differently.  Based upon this, the Court cannot conclude that *Voisine* abrogated Tenth Circuit case law requiring a mental state greater than recklessness for predicate crimes under the ACCA.  Until the Tenth Circuit sees fit to review *Zuniga-Soto* and *Armijo* in light of *Voisine*, the Court is bound to follow those cases.  While the Tenth Circuit may agree with the government's position and choose to overrule those cases, that is not a decision for this Court to make.  Since aggravated assault in Utah can be committed recklessly, it is not categorically a crime of violence under current Tenth Circuit precedent.

Use of the modified categorical approach does not alter the Court's analysis.  Nothing in those documents reveals whether Petitioner committed the offenses with intentional or purposeful conduct.  The government relies on the factual description of the offenses contained in the federal presentence report.  However, the modified categorical approach focuses on the elements of the offense, rather than the facts underlying the prior conviction.  Further, it is unclear whether the facts stated in the presentence report are taken from that limited class of documents approved by the Supreme Court in conducting a review under the modified

---

[63] *Voisine*, 136 S. Ct. at 2280 n.4.

categorical approach.  Thus, the Court "cannot evaluate whether the records would be acceptable under the strictures of Supreme Court precedent."[64]  At best, the presentence report provides clarity on what portion of the aggravated assault statute is at issue.  But knowing what provision was violated does not resolve the issue of whether it was committed with the necessary mental state.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 1 in Civil Case No. 1:16-CV-87) is GRANTED.  The Clerk of the Court is directed to enter Judgment in favor of Petitioner and close this case.

The Court will set this matter for resentencing by separate notice.  All further filings should be done in the underlying criminal case.

DATED this 13th day of October, 2016.

BY THE COURT:

_____

Ted Stewart
United States District Judge

---

[64] *Perez-Vargas*, 414 F.3d at 1285.

17